# SUPPLEMENT TO THE SARATOGA SENTINEL.

PUBLISHED BY WILBUR & COREY, AT $1.00 PER ANNUM.

Vol. II.]                    OCTOBER 4, 1842.                    [No. 10.

## COURT OF CHANCERY.

### DECISIONS OF THE CHANCELLOR,
#### OCTOBER 4, 1842.

*Robert M. Seymour et al.* v. *Isaac W. Brewster et al.* D. BURWELL, for complainants ; A. TABER, for defendants.

Exceptions to master's report. One of the exceptions to the report was that the complainant's solicitor *did not procure* and file it within the time allowed by the rules of the court. The chancellor decided that this was not a subject of exception to the report, but of an application to the court to set it aside for irregularity. *[margin: Master's report cannot be excepted to for not being filed in time.]*

That where a part of an answer containing a reference to schedules annexed, as well as the schedules themselves, is impertinent, the whole of that part of the answer including the impertinent schedules should be embraced in one exception only ; so that all may stand or fall together. But that if the schedules only are impertinent, because they are unnecessary and will encumber the record, the exception should embrace the schedule and only so much of the body of the answer as refers to it as being annexed to the answer ; so that the answer will not contain any reference to the schedule as being annexed thereto, if the exception is allowed, and the schedule expunged or stricken out of the record. *[margin: Exceptions to answer, form of.]*

The 2d, 3d, 6th, 7th, 8th, 11th, 13th, 14th, 15th and 16th exceptions to report allowed, and the remainder disallowed.

Neither party to have costs as against the other upon the reference or on exceptions to report.

64

Complainant to have the usual order to expunge those parts of the answer embraced in the exceptions which are allowed, and for the payment of the costs of those exceptions, and of expunging the impertinent matter.